E-FILED
Monday, 02 November, 2020  04:51:43 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

CHARMANE SMITH,                )
                              )
    Plaintiff,             )
                              )
    v.                     )          No. 20-cv-3271
                              )
FOCUS MOVING SOLUTIONS, LLC,   )
                              )
    Defendant.             )

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2). Plaintiff's petition to proceed in forma pauperis (d/e 2) is granted on the grounds of indigency.  However, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee is paid.  28 U.S.C. § 1915(e)(2)(B).  The Court, therefore, reviews complaints proceeding in forma pauperis to ensure that a federal claim is stated before sending the complaint for service.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.

Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013) (internal quotation omitted).

    Plaintiff named as a Defendant in this case Focus Moving Solutions, LLC. She alleges that this Court has jurisdiction based on a federal question and pursuant to 49 C.F.R. § 1005, which governs filing a claim with the Surface Transportation Board of the United States. See d/e 1, p. 1. Additionally, Plaintiff claims that she is domiciled in the State of Tennessee and Focus Moving Solutions, LLC is incorporated and has its principal place of business in the State of Illinois. Id. Plaintiff alleges that Big League Movers moved the furnishings of Plaintiff's mother. In the process of moving, the movers broke a $300.00 lamp and a storage bin full of outdoor Halloween decorations. Id. at p. 2.

    Plaintiff previously sued for the exact same cause of action against Defendant Focus Moving Solutions, LLC. See Smith v. Focus Moving Solutions, LLC, Case No. 20-cv-3020. This Court dismissed that complaint without prejudice for lack of standing and

jurisdiction.  See Smith, Case No. 20-cv-3020, d/e 3. The complaint in this case (d/e 1) and the complaint in the related case are nearly identical.  The only difference is that in this case, Plaintiff contends that a storage bin of Halloween decorations was lost or stolen.  See d/e 1, p. 2.

For the same reasons previously found in the related case, the Court must dismiss this case.  The plaintiff lacks standing to bring this cause of action.  Swanson v. City of Chetek, 719 F.3d 780, 783 (7th Cir. 2013) ("A plaintiff generally must assert her own legal rights and interests and cannot rest her claim to relief on the legal rights or interests of third parties.").  Plaintiff alleges that Big League Movers moved furniture for her mother, and during the move, a lamp was damaged and a storage bin was lost or stolen.  As written, it appears that the items were the property of her mother. Plaintiff does not allege that she suffered any injury from the alleged conduct by Defendant.

Moreover, the Court also notes that it does not have jurisdiction over this case.  While the parties are diverse, the amount in controversy does not exceed $75,000.00.  See 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all

civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . .").  Therefore, the Court lacks diversity jurisdiction over this suit.  To invoke jurisdiction under § 1331, Plaintiff must bring a claim arising under federal law.  Plaintiff has not alleged a claim that involves a federal question.

As noted in the Court's Opinion in the related case, Plaintiff also fails to state a claim against Focus Moving Solutions, LLC as Big League Movers were the movers.  Based on the Complaint, Plaintiff has not alleged any claims that caused her injury on behalf of Focus Moving Solutions, LLC.

Therefore, Plaintiff lacks standing to bring this cause of action, and the Court lacks jurisdiction.  Moreover, Plaintiff fails to state a claim upon which relief can be granted against Defendant Focus Moving Solutions, LLC.  Because Plaintiff was put on notice of the issues in her first action and did not cure any of the defects, the Court dismisses this cause of action with prejudice.  See Harris v. Quinn, 656 F.3d 692, 701 (7th Cir. 2011) (noting that a complaint may be dismissed with prejudice for lack of standing where "it appears beyond a doubt that there is no way the plaintiff's grievance could ever mature into justiciable claims"); Ill. S. Ct. R.

237 ("Unless the order of dismissal or a statute of this State otherwise specifies, an involuntary dismissal of an action, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join an indispensable party, operates as an adjudication upon the merits.").

**IT IS THEREFORE ORDERED THAT:**

(1) The Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 2) is GRANTED.

(2) This case is DISMISSED WITH PREJUDICE for lack of standing and jurisdiction and failure to state a claim upon which relief can be granted.

**ENTERED: November 2, 2020**

**FOR THE COURT:**

s/*Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**